CARL R. GOUCHER V. STATE OF NEBRASKA.

FILED APRIL 16, 1925. NO. 23894.

1. Criminal Law: ABETTING FORGERY: PROOF. Under an indictment accusing defendant of aiding and abetting a county clerk in forging a county warrant, the evidence will not sustain a. conviction, where there is no proof of the forgery.

2. Forgery. The forgery statute is directed principally against the false making of an instrument in writing.

3. ———. The genuine making of a false instrument in writing is not generally a forgery, and this is the usual interpretation of the courts unless otherwise provided by the forgery statutes themselves.

4. ———. The genuine making of a false instrument in writing is not generally within a criminal statute directed against the false making of an instrument.

5. ———: COUNTY WARRANT. A county warrant if the making is genuine is not generally a forgery, though the warrant itself is. false and intended as a means of defrauding the county or the payee.

ERROR to the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Reversed.*

*Arthur F. Mullen, Sullivan & Squires* and *Beeler, Crosby & Baskins,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout,. contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and EVANS,. JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

In the district court for Lincoln county, Carl R. Goucher, defendant, was indicted for aiding and abetting the county clerk, Arthur S. Allen, in the forgery of a county warrant for $845 payable to the Omaha Printing Company. Defendant pleaded not guilty. Upon a trial he was convicted and sentenced to the penitentiary for not less than one nor

more than ten years and to pay a fine of $100. As plaintiff in error he has presented for review the record of his conviction.

The sufficiency of the evidence to sustain the verdict of guilty is challenged as a ground for a reversal. This question requires a consideration of the statutes under which defendant was accused, the nature of the indictment against him, and the proofs, if any, on the essential element of forgery against which the criminal law is directed. As applied to this case the statute in a material respect declares, in substance, that whoever falsely makes, alters, forges, counterfeits, prints or photographs any county warrant for the payment of money, with the intent to damage or defraud the county, shall upon conviction be imprisoned in the penitentiary not more than 20 years nor less than one year and pay a fine not exceeding $500. Comp. St. 1922, sec. 9683. The warrant set out in the indictment as a forgery by Allen, the county clerk, is in this form:

"Lincoln County.
Claim No. 11407-A221.    War. No. 22263.
"Office of County Clerk.
"WARRANT.                                    $845.00
"North Platte, Nebr., 11-20, 1922.

"The Treasurer of said county will pay Omaha Printing Company, or order, eight hundred forty-five and no-100 dollars, out of any money not otherwise appropriated in the general fund.

"For supplies.
        "Amt. levied 1922.................$55,840.00
        "Amt. transferred...................$...............
        "Amt. issued...............................$38,971.06
        "E. H. Springer, Chairman County Commissioners.
                "Attest:    A. S. Allen, County Clerk."

The county treasurer paid this warrant from the funds of the county. The warrant did not represent a valid indebtedness of or claim against the county. It was the means, however, of procuring from the county treasurer

unlawfully $845. The theory of the state is that the war-
rant was forged by Allen, the county clerk; that defendant
aided and abetted in the commission of the forgery; that
defendant was punishable to the same extent as Allen, un-
der the statute relating to accessories, and that the indict-
ment so charges. Comp. St. 1922, sec. 9541. Defendant
also takes the position that the indictment charged Allen,
the county clerk, with forgery. Assuming, but not passing
on, the sufficiency of the accusation in this respect, did the
state prove that Allen committed a forgery within the mean-
ing of the statute on that subject? If Allen did not commit
a forgery, defendant of course was not guilty of aiding
and abetting him in the commission of a forgery. The
statute declares the false making of the instrument to be
an essential element of forgery. The genuine making of
a false instrument is not generally a forgery, and this is the
usual interpretation of the courts, unless otherwise pro-
vided in the statutes themselves. The decisions are nearly
unanimous that the making of a false instrument is not
within a criminal statute directed against the false mak-
ing of an instrument. *Territory of New Mexico v. Gut-
ierrez,* 13 N. M. 312, 5 L. R. A. n. s. 375, note; *DeRose v.
People,* 64 Colo., 332, L. R. A. 1918C, 1193. This is not
a mere play on words. It is a substantive distinction by
which even a knave is protected in prosecution under legis-
lative enactments authorizing punishments for different
species of fraudulent acts such as forgery, obtaining money
by false pretenses, larceny and embezzlement. Statutes
like the one under consideration are generally considered
to be forgery statutes. There is a distinction between forg-
ery and obtaining property by a false writing. 25 C. J.
658, sec. 99; *Hoge v. Chicago First Nat. Bank,* 18 Ill. App.
501; *State v. Stewart,* 9 N. Dak. 409; *Commonwealth v.
Sankey,* 22 Pa. St. 390; *Hill v. State,* 1 Yerg. (Tenn.) 76.
The essence of forgery is the making of a false writing
with the intent that it shall be received as the act of an-
other than the party signing it. 26 C. J. 898, sec. 5; *Ex
parte Geissler,* 196 Fed. 168; *Barron v. State,* 12 Ga. App.

Goucher v. State.

342; *Commonwealth v. Foster*, 114 Mass. 311; *Edwards v. State*, 53 Tex. Cr. Rep. 50. Forgery cannot be committed by the making of a genuine instrument, though the statements made therein are untrue. 26 C. J. 898, sec. 5; *United States v. Glasener*, 81 Fed. 566; *DeRose v. People*, 64 Colo. 332; *Barron v. State*, 12 Ga. App. 342; *State v. Young*, 46 N. H. 266; *Territory of New Mexico v. Gutierrez*, 13 N. M. 312. The words "whoever falsely makes" generally apply to the false making of the writing as distinguished from the contents of the instrument itself. 26 C. J. 898, sec. 5; *State v. Young*, 46 N. H. 266; *State v. Willson*, 28 Minn. 52. Owing to differences in statutes and to circumstances not applicable to the present inquiry, there are a few exceptions to the general principles stated.

A check bearing the genuine signature of the maker, though drawn on a bank in which the maker has no money or credit, with the intention of cheating the payee or the bank, is not a forgery. For the same reason the warrant or note of a county, if the making is genuine, is not a forgery, though the instrument itself is false and intended as a means of defrauding the county or the payee. *Mann v. People*, 15 Hun (N. Y.) 155, affirmed in 75 N. Y. 484.

Is there any evidence of the false making of the county warrant issued by Allen, county clerk? The negative is conclusively established. In the making of the warrant a partially printed genuine form in general use for lawful county purposes was used. The genuine signature of Allen as county clerk appears on the warrant in the proper place. The signature of the county commissioner who approved the warrant is likewise genuine. These are the officers charged by law with the duties which they assumed to perform. There was no false making whatever within the meaning of the forgery statute. The instrument itself was shown to be false, but the false making against which the statute is directed is not shown. There is therefore no evidence of a forgery, and consequently defendant was not legally convicted of aiding and abetting Allen in the commission of a forgery. There is no escape from this conclu-

sion.   The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.