THE STATE, EX REL. BAILEY, *v.* HENDERSON, WARDEN.

(No. 3837—Decided October 22, 1945.)

Mr. *Richard C. Deeg*, for petitioner.
Mr. *Hugh S. Jenkins*, attorney general, and Mr. *Henry S. Zwolinski*, for respondents.

MONTGOMERY, J. According to the evidence introduced on oral hearing in this court, the petitioner, Baxter W. Bailey, on or about April 22, 1944, tendered

to a certain business firm in the city of Alliance, Ohio, a check which is in the following language:

"Alliance First National Bank      Alliance, Ohio
4-22-44
"Pay to the order of Klein and Rodfrick      $38.11
"Thirty-eight and 11/100                    dollars
"No. ——                           Baxter W. Bailey."

According to his testimony he had signed his own name to this check. The employees of the store, becoming suspicious, delayed cashing it, caused an investigation to be made, and it was found that Bailey had no checking account in the Alliance First National Bank. He may have been guilty of an offense under the provisions of Section 710-176, General Code, *i. e.,* drawing or delivering a check upon a bank, with insufficient funds or credit in such bank.

However, the grand jury of Stark county indicted him on two counts, one for forging this check and the other for uttering and publishing as genuine a forged check. Some of his relatives employed counsel, and this counsel advised him to plead guilty, which he did. This plea was accepted and he was thereupon sentenced to the Ohio penitentiary for a period of from one to twenty years under the provisions of Section 13083, General Code. This doubtless was through inadvertence of the trial court whose attention presumably was not directed to the facts.

This proceeding, an action originating in this court, is one in *habeas corpus,* directed toward the warden of the Ohio penitentiary.

Section 13083, General Code, which purports to define forgery, does not give a definition of any value for our present purposes. It seems to assume too much. Webster's dictionary defines forgery as "the crime of fraudulently making or altering a writing or signature

purporting to be made by another." This definition obviously is correct. A man does not commit forgery by using his own name. The signature must purport to have been made by another.

The state of Ohio in theory at least is jealous of the rights of its citizens. Without impropriety, we think we may direct attention to another Stark county case, *State* v. *Cocco,* 73 Ohio App., 182, 55 N. E. (2d), 430, the first and fifth paragraphs of the syllabus of which are:

"1. A person indicted for murder in the first degree is entitled to be represented by efficient counsel."

"5. When the state undertakes to deprive an individual of life or liberty it must conform to the rules of procedure which it has itself established."

In this situation, what is to be done? The petitioner, if he had been properly advised, could have availed himself of the facts at the time of the hearing. Ordinarily a writ of *habeas corpus* should not issue where the petitioner has had an opportunity of presenting his contention in the regular course of procedure. See Section 12165, General Code, and the case of *In re Poage,* 87 Ohio St., 72, 100 N. E., 125. The second paragraph of the syllabus of that case, however, which sets forth the law denying the right to a writ of *habeas corpus* when the court issuing the *capias* has jurisdiction of the offense, is based upon the proposition that the indictment charged the petitioner with an offense against the laws of this state. Although the petitioner in the instant case may have been guilty of an offense under the laws of this state, the indictment did not charge such. It charged a thing not a crime.

We direct attention to the annotations in 57 A. L. R., 96, 97.

Upon this indictment, the petitioner is unlawfully

restrained of his liberty and is entitled, under Section 12161, General Code, to apply for a writ of *habeas corpus*.

We direct attention also to *In re Remus,* 119 Ohio St., 166, 162 N. E., 740, wherein such a writ was ordered allowed in view of the fact that the petitioner had no other remedy. And in the recent case of *In re Clendenning,* 145 Ohio St., 82, 60 N. E. (2d), 676, the *Remus case* was followed, although distinguished.

It is ordered that the petitioner be discharged.

*Petitioner discharged.*

HORNBECK, P. J., and MILLER, J., concur.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in the Second Appellate District.