THE STATE OF OHIO, APPELLEE, *v.* HAVENS, APPELLANT.
(Two cases.)

(Nos. 474 and 475—Decided October 22, 1951.)

Mr. *Thomas F. Dewey,* prosecuting attorney, for appellee.
Mr. *J. B. Palmquist,* for appellants.

FESS, J.   These are appeals on questions of law from judgments of conviction of the defendants of forgery.   In case No. 474, the defendant, Olin M. Havens, was indicted and convicted for uttering a false, forged and counterfeited check with intent to defraud.   In case No., 475, the defendant, Mary Y. Havens, wife of Olin M. Havens, was convicted under an indictment charging that she falsely made, forged and counterfeited a check with intent to defraud.

The evidence tended to show that Mary Havens signed her own name to a check upon a bank in which she had no funds or even a deposit account, and that her husband delivered such check to a merchant in

payment for a pair of trousers. Defendants contend that, although they may have been guilty of false pretenses or of drawing a check without funds, since the maker signed her own name to the check, the defendants are not guilty of forgery.

One is reminded of the story concerning the colorful Lew Shanks who, in his campaign for mayor of Indianapolis, was charged with having stolen chickens while market master. He loudly proclaimed that it was a dirty lie. "I stole no chicken. It was a goose." No authorities are referred to in either brief. Nevertheless, there is authority in support of defendants' contentions in *Snyder* v. *State* (1894), 8 C. C., 463, 1 O. D., 207, 4 C. D., 279, and *State, ex rel. Bailey*, v. *Henderson, Warden,* 76 Ohio App., 547, 63 N. E. (2d), 830. The *Henderson case* holds that one who signs his own name to a check upon a bank in which he has no checking account and tenders the same for cashing is not by such act guilty of the offenses of forging a check and uttering a forged check. The decision is in line with the weight of authority in the United States that under the common law and under statutes defining forgery in the substantial language of the common-law definitions, the genuine making of an instrument for the purpose of defrauding does not constitute forgery. 41 A. L. R., 229. See, also, 46 A. L. R., 1529, and 51 A. L. R., 568.

Forgery at common law is defined by Blackstone as the fraudulent making or altering of a writing to the prejudice of another's right, and by East as the false making or altering, *malo animo,* of any written instrument for the purposes of fraud and deceit. In 1865, in *In Re Windsor,* 6 Best & Smith, 522, Cockburn, C. J., declared that forgery "by universal acceptation * * * is understood to mean, the making or altering a writing so as to make the writing or alteration purport to be the act of some other person, which it is not."

But in 1869, in *Rey* v. *Ritson,* 1 Law Reports, Crown Cases, 200, it was held that forgery is the fraudulent making of an instrument in words purporting to be what they are not, to the prejudice of another's rights. In the same case, Blackburn, J., adopted Comyn's definition that forgery is where a man fraudulently writes or publishes a false deed or writing to the prejudice of another. 2 Wharton's Criminal Law (12 Ed.), 1162, Section 859. It is apparent that the cases in the United States have departed from the broad common-law definition and have followed the more narrow rule pronounced by Cockburn in *In re Windsor.* In its ordinary sense, forgery is the false signing of another's name, but in the *Snyder* and *Henderson cases* the courts overlook the fact that Section 13083 of the Ohio General Code is much broader and more inclusive than the Cockburn definition. It recites that "whoever, with intent to defraud, falsely, makes, alters, forges, counterfeits, prints or photographs * * * bank bill or note, check, bill of exchange, contract, promissory note * * * or, with like intent, utters or publishes as true and genuine such false, altered, forged, counterfeited * * * matter, knowing it to be" such, is guilty of forgery.

No language is to be found in the section denouncing in explicit terms the false making or forging of another's signature. No such language was necessary, because the statute says "forges," which includes forgery in the limited sense of forging another's signature. But in addition to the word, "forges," the Legislature says, "falsely makes, alters, counterfeits, prints," etc. In construing the statute, regard must be had to the additional language employed.

It is true that criminal statutes are to be strictly construed. *City of Cleveland* v. *Jorski,* 142 Ohio St., 529, 53 N. E. (2d), 513; *State* v. *Conley,* 147 Ohio St., 351, 71 N. E. (2d), 275. But the rule of strict construc-

tion is subordinate to the rule of reasonable, sensible and fair construction according to the expressed legislative intent, having due regard to the plain, ordinary and natural meaning and scope of the language employed. *Woodworth* v. *State,* 26 Ohio St., 196; *Inglis* v. *Pontius, Supt., of Banks,* 102 Ohio St., 140, 148, 131 N. E., 509; *Richards* v. *State,* 110 Ohio St., 311, 314, 143 N. E., 714.

In other words, although it is settled that a penal statute is not to be extended by construction to persons or acts not within its descriptive terms, yet it is just as well settled that the provisions of a penal statute are to be fairly construed according to the expressed legislative intent, and mere verbal nicety or forced construction is not to be resorted to in order to exonerate persons committing acts plainly within the terms of the statute. *Barker* v. *State,* 69 Ohio St., 68, 68 N. E., 575; *State* v. *Vause,* 84 Ohio St., 207, 95 N. E., 742, Ann. Cas. 1912C, 513. To hold that the making of a false instrument is not within a criminal statute directed against the false making of an instrument (as was held by the Supreme Court of Nebraska in *Goucher* v. *State,* 113 Neb., 352, 204 N. W., 967, 41 A. L. R., 227) requires an artificial and narrow interpretation which, it seems to us, would defeat the apparent purpose and intent of the Legislature to include as forgery the making of a false instrument regardless of whether the signature itself was genuine. *Conrad* v. *State,* 75 Ohio St., 52, 78 N. E., 957, 6 L. R. A. (N. S.), 1154.

The state of Illinois has a statute defining forgery somewhat similar to the Ohio statute. It provides that every person who shall falsely make, alter, forge or counterfeit any one of a specified number of instruments shall be guilty of forgery. In *People* v. *Kramer* (1933), 352 Ill., 304, 185 N. E., 590, the Supreme Court held that the essence of forgery is the making of a

false writing with intent that it be received as the act of another, and can not be committed by the making of a genuine instrument though the statements made therein are untrue. But in *People* v. *Kubanek* (1939), 370 Ill., 646, 19 N. E. (2d), 573, the court held that the Illinois statute was not directed solely against the forgery of signatures, but includes false making, uttering and counterfeiting, when done with intent to defraud. In *People* v. *Mau* (1941), 377 Ill., 199, 36 N. E. (2d), 235, the court held that a person may be guilty of a "false making" of an instrument within the meaning of the common-law definition of "forgery" where the instrument is false in any material part and calculated to induce another to give credit to it as genuine and authentic, notwithstanding the fact that the person signs and executes the instrument in his own name.

We, therefore, are inclined to disagree with the conclusion reached in the *Snyder* and *Henderson cases,* and hold that under Section 13083, General Code, a person is guilty of the false making of a check where the check is drawn upon a bank in which the maker has no funds or deposit account and is calculated to induce another to give credit to it as genuine and authentic, even though such person signs his own name thereto and likewise that one who utters such a check is guilty of forgery. In so holding, we do not decide that one who draws a check in violation of Section 710-176, General Code, is guilty of forgery.

The judgment in each appeal is affirmed.

*Judgments affirmed.*

Conn and Savord, JJ., concur.