## KREUTER v. UNITED STATES.
### No. 4540.

United States Court of Appeals
Tenth Circuit.
Dec. 12, 1952.

Rehearing Denied Jan. 10, 1953.

------

Mitchell B. Johns, Denver, Colo., for appellant.

Charles S. Vigil, U. S. Atty., Denver, Colo., and Clifford C. Chittim, Asst. U. S. Atty., Boulder, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to vacate a judgment and sentence.

Kreuter appeared in person in the court below. William T. Dingman, a member of the Bar of Colorado, was appointed to represent him. Kreuter, in writing, waived his right to be charged only by indictment and consented to be charged by information.

Thereupon, an information was filed, the material portion of which reads as follows:

"That on or about the 15th day of January, 1951, in the City and County of Denver, State and District of Colorado, Gottfried William Kreuter, with unlawful and fraudulent intent, did transport in interstate commerce from the City and County of Denver, State and District of Colorado, to Salt Lake City, Utah, a falsely made, forged and counterfeited security, to-wit, a certain check drawn on the Utah First National Bank of Salt Lake City, payable to the International Trust Company of Denver in the principal sum of $250.00, dated January 15, 1951, and signed by said defendant as W. L. Davis; and the said defendant, Gottfried William Kreuter, then knew the same to have been falsely made, forged and counterfeited."

The proceedings at the arraignment, following the waiver of indictment and consent to be charged by information, were as follows:

"Mr. Lilly: May the record show that a copy of the information has been furnished the defendant. Do you wish to waive the reading of the information, Mr. Dingman?

"Mr. Dingman: Yes.

"Mr. Lilly: To the charge contained in the information, Mr. Kreuter, how do you plead, guilty or not guilty?

"Mr. Dingman: We plead guilty.

"The Court: Mr. Kreuter, is it your desire to enter a plea of guilty? Is that what you wish to do?

"The Defendant: Yes, Your Honor.

"The Court: You have discussed the matter with counsel, have you, about the facts of the case?

"The Defendant: Yes, sir.

"The Court: You understand that in making a plea of guilty you make yourself subject to the penalty provided in the statute which you are charged with violating?

"The Defendant: There's one stipulation, Your Honor, in this count that

I'd like to ask a question on—this word 'forgery' voiced in there. I had an alias and that was prior to coming in here. The rest of it I'm guilty of.

"The Court: Well, did you talk to him about that, Mr. Dingman? Is there any question about his desire? The Court of course is not familiar with the case so can't very well give advice. Do you have any doubt about his plea of guilty?

"The Defendant: I'm guilty of the fraudulent check.

"Mr. Dingman: There's no doubt in my mind.

"The Court: * * * But you make this plea of guilty, Mr. Kreuter, without any mental reservations at all?

"The Defendant: Yes, I do, Your Honor.

"The Court: Very well."

The substance of what Kreuter said in such proceedings was that he signed the check by the name of W. L. Davis, which was a name he had assumed and had used on prior occasions. It should be noted that he did not deny he signed the check W. L. Davis with the intent and purpose to pass it as the check of a person other than himself.

 The purpose of 28 U.S.C.A. § 2255 was not to confer a broader right of attack upon a judgment and sentence than might theretofore have been made by habeas corpus, but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus, must now be made by motion in the sentencing court, unless it shall appear that the remedy by motion is inadequate or ineffective to test the legality of the prisoner's detention. While the form of attack is direct, the grounds therefor are limited to matters that may be raised on collateral attack.[1]

 When there is an offense defined by a Federal statute, of which the sentencing court has jurisdiction, and the indictment or information apparently attempts to charge an offense under such statute and such court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment is not subject to attack in a habeas corpus proceeding, nor by motion under § 2255, supra.[2] Here, there was an offense defined by 18 U.S.C.A. § 2314.[3] The information attempts to charge an offense under that statute. The sentencing court acquired jurisdiction over the person of the defendant. It does not affirmatively appear on the face of the information that no Federal offense was committed. Accordingly, we hold that the information was not vulnerable to collateral attack by motion under § 2255, supra.[4]

 In the absence of a statutory prohibition, a person, without abandoning his real name, may adopt or assume a name, and he may use such assumed name to identify himself in the transaction of his business, the execution of contracts and the carrying on of his affairs. But he must not use it to defraud others through a mistake of identity.[5]

In Buckner v. Hudspeth, 10 Cir., 105 F.2d 393, we said at page 395:

"* * * to constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious if the instrument is made with intent to defraud and shows on its face that it has sufficient efficacy to enable it to be used to the injury of another."[6]

1. Barnes v. Hunter, 10 Cir., 188 F.2d 86, 88; Hahn v. United States, 10 Cir., 178 F.2d 11, 12.

2. Barnes v. Hunter, 10 Cir., 188 F.2d 86, 90.

3. The word "security" as used therein is defined in 18 U.S.C.A. § 2311, and the definition expressly includes checks.

4. Barnes v. Hunter, 10 Cir., 188 F.2d 88–90.

5. Kropp Forge Co. v. Employers' Liability Assur. Corporation, 7 Cir., 159 F.2d 536–538; 38 Am.Jur., Name, § 11, pp. 600–601.

6. See also Meldrum v. United States, 9 Cir., 151 F. 177, 181; Logan v. United States, 6 Cir., 123 F. 291, 292; United States v. Turner, 7 Pet. 132, 136, 137, 8 L.Ed. 633; Ex parte Hibbs, D.C.Or., 26 F. 421, 434; Note, 41 A.L.R. pp. 247–253.

However, it has been held in many jurisdictions that the essence of forgery at common law is the making of a false writing, with the intent that it shall be received as the act of another than the person signing it.[7] The adjudicated cases in such jurisdictions hold that while there may be a forgery by the use of a fictitious name, a necessary element is an intent to commit fraud by deception as to the identity of the person who uses the name.[8]

■ The question remains whether Kreuter so qualified his plea of guilty as to make it ineffective as such. That was a question primarily for the determination of the sentencing court. Since this is a collateral attack, the acts of the sentencing court are presumed to be valid and if by any reasonable construction of the arraignment proceedings the validity of the judgment and sentence can be sustained, we are required to uphold them.[9]

■ Kreuter admitted that he wrote the check and signed the name W. L. Davis thereto with a fraudulent purpose. The fact that he signed an assumed name tended to establish such fraudulent purpose.[10] After Kreuter had made the statements relied upon as qualifying the plea, his counsel, having theretofore discussed the pertinent facts with Kreuter, stated that he had no doubt that Kreuter was guilty and that a plea of guilty should be entered; and at the conclusion of the arraignment proceedings, the court stated:

"But you make this plea of guilty, Mr. Kreuter, without any mental reservations at all?" to which Kreuter replied, "Yes, I do, Your Honor."

We conclude that Kreuter's statements did not so qualify his plea of guilty as to make it ineffective as such.

Affirmed.

7. Goucher v. State, 113 Neb. 352, 204 N. W. 967, 968, 41 A.L.R. 227; State v. Lamb, 198 N.C. 423, 152 S.E. 154, 155, 156; Lyman v. State, 136 Md. 40, 109 A. 548, 550, 551, 9 A.L.R. 401; Commonwealth v. Costello, 120 Mass. 358, 370, 371; State v. Wilson, 168 La. 932, 123 So. 624; Note, 41 A.L.R. pp. 231–247.

8. Commonwealth v. Costello, 120 Mass. 358, 370, 371; Lyman v. State, 136 Md. 40, 109 A. 548, 550, 551; Note, 41 A.L. R. pp. 232–233, 236; 37 C.J.S., Forgery, §§ 5 and 9, pp. 36, 38.

9. Ex parte Cuddy, petitioner, 131 U.S. 280, 285, 9 S.Ct. 703, 33 L.Ed. 154.

10. Commonwealth v. Costello, 120 Mass. 358, 371.