Matthias, J.
The single issue before,, us is whether the making and issuance, with intent to defraud, of a check signed by the maker with his own name but drawn on a bank in which such maker has no “checking account” constitute a violation *85 of Section 2913.01, Revised Code, i. e., whether the petitioner was convicted of a crime over which the Common Pleas Court of Gallia County had jurisdiction pursuant to the indictment hereinbefore set out.
Section 2913.01, Revised Code, reads in part as follows:
“No person, with intent to defraud, shall falsely make * * * a * * * check * * * 0r, with, like intent, utter or publish as true and genuine such false * * * matter, knowing it to be false * * \
“Whoever violates this section is guilty of forgery * *
In rendering its decision in this cause, the Court of Appeals for Franklin County followed a precedent of that court which is evidenced by the case of State, ex rel. Bailey, v. Henderson, Warden, 76 Ohio App., 547, 63 N. E. (2d), 830, and it is essentially the differences between that case and the case of State v. Havens, supra (91 Ohio App., 578), which this court must resolve.
The Court of Appeals for Franklin County, in the Bailey case, held that every offense defined by Section 2913.01 must be a forgery in the common-law sense of the word, which, it stated, includes only the signing of a name other than that of the signer.
However, in the llavens case, the Court of Appeals for San-dusky County held that the General Assembly can define the offenses described in Section 2913.01 in any manner it secs fit, and that, even though there are included among the acts described therein acts which may not be forgery in the common-law dictionary sense of that word, such acts are nevertheless punishable as “forgery” under the terms of Section 2913.01, Revised Code.
Section 1307.03, Revised Code, defines “check” as follows:
“A check is a bill of exchange drawn on a bank payable on demand.”
Section 1305.02, Revised Code, defines a bill of exchange as follows:
“A bill of exchange is an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay, on demand or at a fixed or determinable .future time, a sum certain in money to order or to bearer.”
*86 Although it is true that a check is merely an order to a bank to pay on demand a certain sum, in order for a check to be considered a genuine instrument the maker must have a right to make such order, i. e., he must have money in the drawee bank.
It seems perfectly clear to this court that the making of an instrument purporting to be a check, with intent to defraud, drawn on a bank wherein the maker has no “checking account” constitutes the false making of a check within the purview of the statute, regardless of whether the maker signs his own name or that of another, and that such act was intended by the General Assembly to be included in its definition of “forgery” as set out in Section 2913.01, Revised Code.
In fully sustaining the position of the Court of Appeals for Sandusky County, we find that we cannot improve on the following language of explanation used by Judge Fess of that court, in the Havens case, supra:
“Forgery at common law is defined by Blackstone as the fraudulent making or altering of a writing to the prejudice of another’s right, and by East as the false making or altering, malo animo, of any written instrument for the purposes of fraud and deceit. In 1865, in In re Windsor, 6 Best & Smith, 522, Cockburn, C. J., declared that forgery ‘by universal acceptation * * * is understood to mean, the making or altering a writing so as to make the writing or alteration purport to be the act of some other person, which it is not.’ But in 1869, in Rey v. Ritson, 1 Law Reports, Crown Cases, 200, it was held that forgery is the fraudulent making of an instrument in words purporting to be what they are not, to the prejudice of another’s rights. In the same case, Blackburn, J., adopted Comyn’s definition that forgery is where a man fraudulently writes or publishes a false deed or writing to the prejudice of another. 2 Wharton’s Criminal Law (12 Ed.), 1162, Section 859. It is apparent that the cases in the . United States have departed from the broad common-law definition and have followed the more narrow rule pronounced by Cockburn in In re Windsor. In its ordinary sense, forgery is the false signing of another’s name, but in the Snyder and Henderson cases the courts overlook the fact that Section 13083 of the Ohio Gen *87 eral Code [Section 2913.01, Revised Code] is much broader and more inclusive than the Cockburn definition. It recites that ‘whoever, with intent to defraud, falsely, makes, alters, forges, counterfeits, prints or photographs * * * bank bill or note, check, bill of exchange, contract, promissory note * * * or, with like intent, utters or publishes as true and genuine such false, altered, forged, counterfeited * * * matter, knowing it to be’ such, is guilty of forgery.
“No language is to be found in the section denouncing in explicit terms the false making or forging of another’s signature. No such language was necessary, because the statute says ‘forges,’ which includes forgery in the limited sense of forging another’s signature. But in addition to the word, ‘forges,’ the Legislature says, ‘falsely makes, alters, counterfeits, prints,’ etc. In construing the statute, regard must be had to the additional language employed.
“It is true that criminal statutes are to be strictly construed. City of Cleveland v. Jorski, 142 Ohio St., 529, 53 N. E. (2d), 513; State v. Conley, 147 Ohio St., 351, 71 N. E. (2d), 275. But the rule of strict construction is subordinate to the rule of reasonable, sensible and fair construction according to the expressed legislative intent, having due regard to the plain, ordinary and natural meaning and scope of the language employed. Woodworth v. State, 26 Ohio St., 196; Inglis v. Pontius, Supt. of Banks, 102 Ohio St., 140, 148, 131 N. E., 509; Richards v. State, 110 Ohio St., 311, 314, 143 N. E., 714.
“In other words, although it is settled that a penal statute is not to be extended by construction to persons or acts not within its descriptive terms, yet it is just as well settled that the provisions of a penal statute are to be fairly construed according to the expressed legislative intent, and mere verbal nicety or forced construction is not to be resorted to in order to exonerate persons committing acts plainly within the terms of the statute. Barker v. State, 69 Oh St., 68, 68 N. E., 575; State v. Vause, 84 Ohio St., 207, 95 N. E., 742, Ann. Cas. 1912C, 513. To hold that the making of a false instrument is not within a criminal statute directed against the false making of an instrument (as was held by the Supreme Court of Nebraska in Goucher v. State, 113 Neb., 352, 204 N. W., 967, 41 A. L. R., 227) requires an *88 artificial and narrow interpretation which, it seems to us, would defeat the apparent purpose and intent of the Legislature to-include as forgery the making of a false instrument regardless of whether the signature itself was genuine. Conrad v. State, 75 Ohio St., 52, 78 N. E., 957, 6 L. R. A. (N. S.), 1154.
“The state of Illinois has a statute defining forgery somewhat similar to the Ohio statute. It provides that every person who shall falsely make, alter, forge or counterfeit any one of a specified number of instruments shall be guilty of forgery. In People v. Kramer (1933), 352 Ill., 304, 185 N. E., 590, the Supreme Court' held that the essence of forgery is the making of a false writing with intent that it be received as the act of another, and can not be committed by the making of a genuine instrument though the statements made therein are untrue. But in People v. Kubanek (1939), 370 Ill., 646, 19 N. E. (2d), 573, the court held that the Illinois statute was not directed solely against the forgery of signatures, but includes false making, uttering and counterfeiting, when done with intent to defraud. In People v. Mau (1941), 377 Ill., 199, 36 N. E. (2d), 235, the court held that a person may be guilty of a false making of an instrument within the meaning of the common-law definition of ‘forgery’ where the instrument is false in any material part and calculated to induce another to give credit to it as genuine and authentic, notwithstanding the fact that the person signs and executes the instrument in his own name.”
Following his lucid explanation, Judge Fess drew this conclusion, which is hereby adopted as the conclusion of the Supreme Court on the subject:
“We, therefore, * * * hold that under Section * * * [2913.01, Revised Code], a person is guilty of the false making of a check where the cheek is drawn upon a bank in which the maker has no funds or deposit account and is calculated to induce another to give credit to it as genuine and authentic, even though such person signs his own name thereto and likewise that one who utters such a cheek [with knowledge of its falsity] is guilty of forgery.”
Since the acts committed by petitioner constituted a violation of Section 2913.01. Revised Code, it follows that he pleaded guilty to a crime over which the convicting court had jurisdic *89 tion under the indictment, and, such jurisdiction being the essential test of the validity of this petition in habeas corpus, such petition is without merit, and the judgment of the Court of Appeals is reversed and the petitioner remanded to custody.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Bell and Herbert, JJ., concur.