The STATE of Ohio, Appellee,

v.

BROOKER, Appellant.

[Cite as *State v. Brooker*, 170 Ohio App.3d 570, 2007-Ohio-588.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 06CA19.

Decided Feb. 5, 2007.

George J. Cosenza, for appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Kevin A. Rings, Assistant Prosecuting Attorney, for appellee.

ABELE, Judge.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. A jury found Angela Brooker, defendant below and appellant herein, guilty of three counts of forgery in violation of R.C. 2913.31(A)(1).

{¶ 2} Appellant raises the following assignment of error for review:

The court erred by denying the appellant's motion for acquittal at the close of the state's evidence.

{¶ 3} On May 27, 2005, the Washington County Grand Jury returned an indictment charging appellant with four counts of forgery.[1] The evidence at trial showed that appellant had endorsed a series of fabricated checks. The computer-generated checks displayed valid account numbers, but fictitious names. The account number and address of Eric and Heather Rouse appeared on the first check, but their names did not appear. Instead, the name "Huffman Transfer" appeared on the check. The bank vice-president testified that Huffman Transfer did not have an account with the bank. The account number of Deborah Cunningham appeared on a remaining set of checks, but again, her name did not appear on the checks. Instead, the checks displayed fictitious names. The jury found appellant guilty of three counts of forgery, and the trial court sentenced appellant to serve nine months in prison. This appeal followed.

{¶ 4} In her sole assignment of error, appellant asserts that the trial court erred by overruling her motion for judgment of acquittal. In particular, she argues that (1) the record does not contain sufficient evidence to support her conviction and (2) her conviction is against the manifest weight of the evidence.

---

1. The trial court granted appellant's motion for judgment of acquittal with respect to the first count.

Appellant disputes that the evidence shows that she forged the writing of another. Appellant contends that the checks are counterfeit checks that did not belong to another person and that appellee failed to present evidence that she did not have authority to execute them.

{¶ 5} Appellee argues that appellant presented the checks as belonging to another person because she used valid account numbers of individuals who held bank accounts. Appellee contends that "[t]he checks, by virtue of the valid account numbers that were placed on those checks, purported to be the writing of the persons who owned those accounts. Each of the fraudulent and/or forged checks purported to be an instruction from the account owners to transfer money from those accounts to another party." Appellee asserts that appellant's use of fictitious names on the checks does not mean that she did not forge the writing of another.

{¶ 6} Before we address appellant's assignment of error, we note that appellant fails to distinguish between two distinct legal concepts: "sufficiency of the evidence" and "manifest weight of the evidence." See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that the terms "sufficiency of the evidence" and "manifest weight of the evidence" are not synonymous legal concepts). "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Id. at 386, 678 N.E.2d 541. Sufficiency is a test of the adequacy of the evidence, while "[w]eight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other * * * *.'" Id. at 386, 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) 1433. Therefore, we will address appellant's assignment of error as presenting two separate issues for our review: one concerning the sufficiency of evidence to sustain a conviction and the other concerning the manifest weight of the evidence.[2]

{¶ 7} A trial court may order a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). A trial court shall not enter a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the state has established, beyond a reasonable doubt, each essential element of the offense. See, e.g., *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

---

2. We recognize that appellant argues both weight and sufficiency of the evidence, even though her assignment of error does not include a weight-of-the-evidence argument. Nevertheless, in the interest of justice, we will address appellant's argument.

■ {¶ 8} Thus, when an appellate court reviews a trial court's decision to overrule a motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965; *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that "sufficiency is the test of adequacy"); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶ 9} When reviewing sufficiency-of-evidence claims, appellate courts must construe the evidence in a light most favorable to the prosecution. See *State v. Hill* (1996), 75 Ohio St.3d 195, 205, 661 N.E.2d 1068; *State v. Grant* (1993), 67 Ohio St.3d 465, 477, 620 N.E.2d 50. Reviewing courts will not overturn convictions on sufficiency-of-evidence claims unless reasonable minds could not reach the conclusion that the trier of fact did. See *State v. Tibbetts* (2001), 92 Ohio St.3d 146, 749 N.E.2d 226; *State v. Treesh* (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.

■ {¶ 10} Employing the above standard, we believe that in the case sub judice, the prosecution presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed forgery. Thus, the trial court did not err by overruling appellant's Crim.R. 29(A) motion for judgment of acquittal.

{¶ 11} R.C. 2913.31 defines the offense of forgery and provides:

(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

(1) Forge any writing of another without the other person's authority;

In the case sub judice, appellant disputes whether the prosecution presented sufficient evidence to establish that she forged any writing of another without the other person's authority. R.C. 2913.01(G) defines "forge" as "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make,

execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct." R.C. 2913.01(F) defines "writing" as "any computer software, document, letter, memorandum, note, paper, plate, data, film, or other thing having in or upon it any written, typewritten, or printed matter, and any token, stamp, seal, credit card, badge, trademark, label, or other symbol of value, right, privilege, license, or identification." Appellant created and signed checks that contained valid bank account numbers and fabricated names. This qualifies as "forging" and the checks constitute a "writing." Because the fabricated checks contained the valid account numbers of real people, appellant presented the checks as belonging to those people, and she did not have the authority to do so. Thus, appellant forged the writing of another.

{¶ 12} Appellant's argument is similar to that raised in *In re Clemons* (1958), 168 Ohio St. 83, 5 O.O.2d 349, 151 N.E.2d 553. In *Clemons*, the defendant argued that he could not be convicted of forgery because he signed his own name to the check. He, however, did not hold an account at the bank. The court considered the following issue: "whether the making and issuance, with intent to defraud, of a check signed by the maker with his own name but drawn on a bank in which such maker has no 'checking account' constitute a violation" of the forgery statute.[3] Id. at 84–85, 5 O.O.2d 349, 151 N.E.2d 553. The *Clemons* court wrote:

[I]n order for a check to be considered a genuine instrument the maker must have a right to make such order, i.e., he must have money in the drawee bank.

It seems perfectly clear to this court that the making of an instrument purporting to be a check, with intent to defraud, drawn on a bank wherein the maker has no "checking account" constitutes the false making of a check within the purview of the statute, regardless of whether the maker signs his own name or that of another, and that such act was intended by the General Assembly to be included in its definition of "forgery" as set out in Section 2913.01, Revised Code.

Id. at 87, 5 O.O.2d 349, 151 N.E.2d 553.

{¶ 13} The *Clemons* court quoted the following with approval:

"Forgery at common law is defined by Blackstone as the fraudulent making or altering of a writing to the prejudice of another's right, and by East as the false making or altering, malo animo, of any written instrument for the purposes of fraud and deceit. In 1865, in *In re Windsor*, 6 Best & Smith, 522,

---

3. {¶ a} At the time, R.C. 2913.01 defined forgery as follows:

{¶ b} "No person, with intent to defraud, shall falsely make * * * a * * * check * * * or, with like intent, utter or publish as true and genuine such false * * * matter, knowing it to be false * * *." Id. at 85, 5 O.O.2d 349, 151 N.E.2d 553.

Cockburn, C.J., declared that forgery 'by universal acceptation * * * is understood to mean, the making or altering a writing so as to make the writing or alteration purport to be the act of some other person, which it is not.' But in 1869, in *Rey v. Ritson*, 1 Law Reports, Crown Cases, 200, it was held that forgery is the fraudulent making of an instrument in words purporting to be what they are not, to the prejudice of another's rights. In the same case, Blackburn, J., adopted Comyn's definition that forgery is where a man fraudulently writes or publishes a false deed or writing to the prejudice of another. 2 Wharton's Criminal Law (12 Ed.), 1162, Section 859. It is apparent that the cases in the United States have departed from the broad common-law definition and have followed the more narrow rule pronounced by Cockburn in *In re Windsor*. In its ordinary sense, forgery is the false signing of another's name, but in the *Snyder* [*Snyder v. State*, 8 Ohio Cir.Ct.R. 463, 1894 WL 512] and [*State ex rel. Bailey v.*] *Henderson* [ (1945), 76 Ohio App. 547, 32 O.O. 275, 63 N.E.2d 830] cases the courts overlook the fact that Section 13083 of the Ohio General Code [Section 2913.01, Revised Code] is much broader and more inclusive than the Cockburn definition. It recites that 'whoever, with intent to defraud, falsely makes, alters, forges, counterfeits, prints or photographs * * * bank bill or note, check, bill of exchange, contract, promissory note * * * or, with like intent, utters or publishes as true and genuine such false, altered, forged, counterfeited * * * matter, knowing it to be' such, is guilty of forgery.

"No language is to be found in the section denouncing in explicit terms the false making or forging of another's signature. No such language was necessary, because the statute says 'forges,' which includes forgery in the limited sense of forging another's signature. But in addition to the word, 'forges,' the Legislature says, 'falsely makes, alters, counterfeits, prints,' etc. In construing the statute, regard must be had to the additional language employed.

"It is true that criminal statutes are to be strictly construed. *City of Cleveland v. Jorski*, 142 Ohio St. 529, 53 N.E.2d 513; *State v. Conley*, 147 Ohio St. 351, 71 N.E.2d 275. But the rule of strict construction is subordinate to the rule of reasonable, sensible and fair construction according to the expressed legislative intent, having due regard to the plain, ordinary and natural meaning and scope of the language employed. *Woodworth v. State*, 26 Ohio St. 196; *Inglis v. Pontius, Supt. of Banks*, 102 Ohio St. 140, 148, 131 N.E. 509; *Richards v. State*, 110 Ohio St. 311, 314, 143 N.E. 714.

"In other words, although it is settled that a penal statute is not to be extended by construction to persons or acts not within its descriptive terms, yet it is just as well settled that the provisions of a penal statute are to be fairly construed according to the expressed legislative intent, and mere verbal nicety or forced construction is not to be resorted to in order to exonerate persons committing acts plainly within the terms of the statute. *Barker v.*

*State,* 69 Ohio St. 68, 68 N.E. 575; *State v. Vause,* 84 Ohio St. 207, 95 N.E. 742, Ann.Cas. 1912C, 513. To hold that the making of a false instrument is not within a criminal statute directed against the false making of an instrument, as was held by the Supreme Court of Nebraska in *Goucher v. State,* 113 Neb. 352, 204 N.W. 967, 41 A.L.R. 227, requires an artificial and narrow interpretation which, it seems to us, would defeat the apparent purpose and intent of the Legislature to include as forgery the making of a false instrument regardless of whether the signature itself was genuine. *Conrad v. State,* 75 Ohio St. 52, 78 N.E. 957, 6 L.R.A.N.S., 1154.

"The state of Illinois has a statute defining forgery somewhat similar to the Ohio statute. It provides that every person who shall falsely make, alter, forge or counterfeit any one of a specified number of instruments shall be guilty of forgery. In *People v. Kramer* (1933), 352 Ill. 304, 185 N.E. 590, the Supreme Court held that the essence of forgery is the making of a false writing with intent that it be received as the act of another, and can not be committed by the making of a genuine instrument though the statements made therein are untrue. But in *People v. Kubanek* (1939), 370 Ill. 646, 19 N.E.2d 573, the court held that the Illinois statute was not directed solely against the forgery of signatures, but includes false making, uttering and counterfeiting, when done with intent to defraud. In *People v. Mau* (1941), 377 Ill. 199, 36 N.E.2d 235, the court held that a person may be guilty of a 'false making' of an instrument within the meaning of the common-law definition of 'forgery' where the instrument is false in any material part and calculated to induce another to give credit to it as genuine and authentic, notwithstanding the fact that the person signs and executes the instrument in his own name."

*Clemons,* 168 Ohio St. at 87–88, 151 N.E.2d 553, quoting *State v. Havens* (1951), 91 Ohio App. 578, 579–582, 49 O.O. 161, 109 N.E.2d 48.

{¶ 14} The Ohio Supreme Court then concluded:

"We, therefore, * * * hold that under Section * * * [2913.01, Revised Code], a person is guilty of the false making of a check where the check is drawn upon a bank in which the maker has no funds or deposit account and is calculated to induce another to give credit to it as genuine and authentic, even though such person signs his own name thereto and likewise that one who utters such a check [with knowledge of its falsity] is guilty of forgery."

Id. at 88, 5 O.O.2d 349, 151 N.E.2d 553, quoting *Havens,* 91 Ohio App. at 582, 49 O.O. 161, 109 N.E.2d 48.

{¶ 15} Likewise, in the case at bar, appellant may be convicted of forgery. She signed a fabricated check that contained the account number of another, knowing that she had no valid claim to the account. Appellant drew fictitious checks upon a bank in which she had no account, with the intent to induce the bank to credit

the checks as genuine and authentic. Under both *Clemons* and the statute as currently written, her actions constitute the crime of forgery. One should not be able to escape prosecution for forgery by claiming that the use of a fictitious name means that the check was not the writing "of another." In the case sub judice, the checks constitute the writing "of another" because they contain others' account numbers.

{¶ 16} Appellant also asserts that her conviction is against the manifest weight of the evidence. "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. See *State v. Issa* (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 24 O.O.3d 150, 434 N.E.2d 1356; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, in resolving conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 17} If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus. A reviewing court should find a conviction against the manifest weight of the evidence only in the " 'exceptional case in which the evidence weighs heavily against conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 20 OBR 215, 485 N.E.2d 717; see, also, *State v. Lindsey* (2000), 87 Ohio St.3d 479, 483, 721 N.E.2d 995.

{¶ 18} In the case sub judice, appellant's conviction is not against the manifest weight of the evidence. As we explained above, the evidence unequivocally shows that appellant signed false checks and presented them to the bank with the account number of another. This falls within the definition of "forgery."

{¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

McFARLAND, P.J., and HARSHA, J., concur.