[Cite as *State v. Schwable*, 2009-Ohio-6523.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 7-09-03

    v.

LARRY SCHWABLE,                  O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 07 CR 031

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   December 14, 2009


APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *John H. Hanna* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Larry Schwable, appeals the judgment of the Court of Common Pleas of Henry County convicting him of failure to comply with an order or signal of a police officer, sentencing him to four years of community control, imposing a ninety-day jail term and a three-year driver's license suspension, and ordering him to pay $8,210 in restitution. On appeal, Schwable argues that the jury verdict form was insufficient under R.C. 2945.75 to support a conviction for failure to comply with an order or signal of a police officer as a felony of the third degree under R.C. 2921.331(B),(C)(5)(a)(ii) because the verdict form only contained the statutory language for a violation of R.C. 2921.331(A), a first degree misdemeanor. Schwable also argues that his conviction was not supported by sufficient evidence, as the State did not present evidence demonstrating that the detective in question met the definition of a police officer pursuant to R.C. 4511.01, as was necessary for a conviction under R.C. 2921.331. Based on the following, we affirm in part, and reverse in part, the judgment of the trial court.

{¶2} In August 2007, the Henry County Grand Jury indicted Schwable on count one: failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B),(C)(5)(a)(ii), a felony of the third degree; count two: assault in violation of R.C. 2903.13(A),(C)(3), a felony of the fourth degree; and, count

three: assault in violation of R.C. 2903.13(A),(C)(3), a felony of the fourth degree. The indictment arose from an incident during which the police confronted Schwable after he left the scene of an alleged domestic violence incident, and during which Schwable fled in his vehicle after being told by an officer to stop, crashed his vehicle into a telephone pole, and was involved in an altercation with officers. Subsequently, Schwable entered a plea of not guilty by reason of insanity to all counts in the indictment.

{¶3} In September 2008, the matter proceeded to a jury trial, at which the following testimony was heard.

{¶4} Detective James Robertson of the Napoleon Police Department testified that he was assigned to road patrol duties on January 20, 2007[1]; that he was assigned to car number twenty-eight, which is a marked patrol car; that he was also in a uniform on that day; that he and Officer Michael Foreman were dispatched to the scene of an alleged domestic violence incident where a woman had been hit by a pickup truck; that, as he headed to the scene, he was told by the dispatcher that the person driving the pickup truck was driving to Dew's Towing, so he activated the lights on the patrol car and proceeded in that direction; that, when he arrived at Dew's Towing, he saw a pickup truck in the parking lot, and he

---

[1] Although Detective Robertson testified that this incident occurred on January 20, we find this to be an accidental misstatement, as the event occurred on June 20, and Detective Robertson made other references to June 20, including that the schedule he was on at the time lasted from June 18 to July 1, and that he was wearing his summer uniform on this date.

turned his lights and sirens off; that he pulled his patrol car in front of the truck, exited the car, and began to walk around the truck with his weapon drawn, as he was told by the dispatcher that the truck was used as a weapon to run someone over; that he then saw Schwable run to his truck; that he went to the passenger side of the truck with his weapon drawn and told Schwable to get out of the truck; that Schwable stated, "no, * * * shoot me, suicide by cop, that's what I want, kill me" (trial tr., pp. 31-32); that Schwable put the truck in gear and sped away; that he chased Schwable in his patrol car with the lights and sirens on; and, that Schwable ran his truck into a utility pole as he was trying to make a turn.

{¶5} Detective Robertson continued that, when he pulled his patrol car behind Schwable's wrecked pickup truck, Schwable exited the truck and came towards his patrol car, saying, "come on get out, come on get out" (Id. at p. 34); that he commanded Schwable to lay on the ground, and, when he failed to comply, he spayed him with mace; that he and Officer Foreman then approached Schwable with their batons drawn, continuing to tell him to lay on the ground; that Schwable lunged at both him and Officer Foreman, and was swinging wildly; and, that he and Officer Foreman eventually wrestled Schwable to the ground and handcuffed him.

{¶6} Officer Michael Foreman testified that, on June 20, 2007, he received a call from the dispatcher that a man in a red truck had run over his

-4-

girlfriend and was headed in his direction; that he pursued the vehicle in his patrol car with the lights and sirens on; that he then heard the dispatcher state that the vehicle crashed, so he drove to the crash scene; that, when he arrived at the scene, he observed Schwable in an altercation with Detective Robertson, with Schwable swinging at him and Detective Robertson deploying mace; and, that, eventually, both he and Detective Robertson were able to wrestle Schwable to the ground and handcuff him.

{¶7}   Melissa Peper Firestone testified that she is an attorney and works in an office in Napoleon; that, on June 20, 2007, she was working in her office and heard a screeching sound; that she looked out her window and saw a red truck hit a utility pole; that a man immediately exited the truck after hitting the pole, and two police vehicles stopped near him; that two uniformed police officers exited the vehicles and were attempting to talk to the man, but he was very upset and kept lunging at the officers; and, that the police officers eventually were able to subdue the man to the ground.

{¶8}   At the close of the State's presentation of evidence, Schwable made a Crim.R. 29 motion for judgment of acquittal on all counts in the indictment, arguing that the State failed to present sufficient evidence to establish that he failed to comply with an order or signal of a police officer, as evidence was not offered that the police officers approached him with an audible and visible signal

indicating that they were police officers, and that evidence was not presented demonstrating there to be a substantial risk of serious physical harm to persons or property. Additionally, Schwable argued that insufficient evidence was presented to show that he assaulted the police officers, as the uncontroverted testimony was that he did not strike or touch the officers. Subsequently, the trial court overruled Schwable's motion.

{¶9} After Schwable's presentation of evidence, Schwable was convicted of count one: failure to comply with an order or signal of a police officer, with the jury finding, pursuant to R.C. 2921.331(B),(C)(5)(a)(ii), that Schwable caused a substantial risk of serious physical harm to persons or property. However, the jury found Schwable not guilty on counts two and three of the indictment. The jury verdict form A on count one of the indictment provided that:

> **We, the jury, find the Defendant, Larry R. Schwable guilty of failure to comply with an order or signal of a police officer.**

The jury verdict form B on count one of the indictment provided that:

> **We, the jury, find the Defendant, Larry R. Schwable guilty of failure to comply with order or signal of a police officer, and we further find the operation of the motor vehicle by the defendant did cause a substantial risk of serious physical harm to persons or property.**

However, neither verdict form stated the degree of the offense or the section number of the statute under which Schwable was convicted.

{¶10} In March 2009, the trial court sentenced Schwable to a ninety-day jail term, imposed four years of community control and a three-year driver's license suspension, and ordered him to pay $8,210 in restitution. The trial court's judgment entry stated, in pertinent part:

> **This cause came on to be heard on the 10th day of March, 2009, upon the presentence report heretofore ordered herein, * * * the defendant having been found guilty on a prior day of this Court of violation Ohio Revised Code Section 2921.331(B)(C)(5)(a)(ii), Failure to Comply with Order or Signal of Police Officer, a felony of the third degree, as to Count One of the Three Count Indictment.**

(Mar. 2009 Judgment Entry, p. 1).

{¶11} It is from his conviction and sentence that Schwable appeals, presenting the following assignments of error for review.

*Assignment of Error No. I*

**THE VERDICT FORM AND THE RESULTING ENTRY WERE INSUFFICIENT UNDER R.C. 2945.75 TO SUPPORT MR. SCHWABLE'S CONVICTION AND SENTENCE FOR COUNT I, FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER, AS A FELONY OF THE THIRD DEGREE AS REFLECTED IN THE ENTRY.**

*Assignment of Error No. II*

**THE VERDICT FORM FOR COUNT I WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE THAT MR. SCHWABLE WILLFULLY FLED FROM OR ELUDED OR FAILED TO COMPLY WITH THE ORDER OF A "POLICE OFFICER".**

*Assignment of Error No. I*

{¶12} In his first assignment of error, Schwable argues that the jury verdict form and resulting judgment entry were insufficient to support a conviction for failure to comply with an order or signal of a police officer as a felony of the third degree pursuant to R.C. 2921.331(B),(C)(5)(a)(ii). Specifically, he contends that, because the jury verdict form failed to include the degree of the offense and contained the statutory language for a violation of R.C. 2921.331(A), the jury finding that he created a substantial risk of serious physical harm to persons or property is not sufficient to elevate his offense to a third degree felony because only violations under R.C. 2921.331(B) can be elevated above a first degree misdemeanor. Accordingly, he argues that his conviction can only be for the lowest degree of the offense, a first degree misdemeanor. We agree.

{¶13} R.C. 2945.75(A)(2) provides as follows:

**A) When the presence of one or more additional elements makes an offense one of more serious degree:**

**\* \* \***

**(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.**

{¶14} In *Pelfrey*, 112 Ohio St.3d 422, the Supreme Court of Ohio addressed the issue of the specificity required in a jury verdict form pursuant to

R.C 2945.75(A)(2) to support a conviction for the greater degree of an offense. In *Pelfrey*, the defendant was charged with tampering with records in violation of R.C. 2913.42, with an enhanced charge to a third degree felony for tampering with government records pursuant to R.C. 2913.42(B)(4). The defendant was subsequently convicted and sentenced on the third degree felony conviction. On appeal, he argued that the jury verdict form and resulting judgment entry of conviction were insufficient to support his conviction for a felony of the third degree, as the verdict form and judgment entry did not state the degree of the offense or contain a finding that government records were involved. Accordingly, he argued that, pursuant to R.C. 2945.75(A)(2), his conviction should only be for the lowest degree of the offense, a first degree misdemeanor.

{¶15} In affirming the Second Appellate District's decision to reverse the defendant's conviction for a third degree felony and remand for the entry of a conviction of a first degree misdemeanor, the Supreme Court stated, in pertinent part:

> **Pelfrey's offense of tampering with records would have constituted a misdemeanor under R.C. 2913.42(B)(2)(a) but for the additional element that the records at issue were government records, a circumstance that elevates the crime to a third-degree felony under R.C. 2913.42(B)(4). However, neither the verdict form nor the trial court's verdict entry mentions the degree of Pelfrey's offense; nor do they mention that the records involved were government records. \* \* \***

**Because the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute or uphold Pelfrey's conviction based on additional circumstances such as those present in this case. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form. We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.**

*Pelfrey*, 112 Ohio St.3d 422, at ¶¶13-14.

{¶16} Additionally, this Court found in *State v. Sessler*, 3d Dist. No. 3-06-23, 2007-Ohio-4931 ("*Sessler I*"), that the holding of *Pelfrey* required that a third degree felony conviction for intimidation of a crime victim or witness in violation of R.C. 2921.04(B) must be remanded for a first degree misdemeanor conviction under R.C. 2921.04(A) because the jury verdict form only found the defendant guilty of intimidation "in manner and form as he stands charged in the indictment," and failed to include the degree of the offense, the statutory section of the offense, or any finding of the aggravating factor elevating the offense to a third degree felony. In *Sessler*, we strictly construed *Pelfrey* and found that, even though "Sessler was properly charged, the jury instructions specified the correct offense and degree, and the verdict form incorporated by reference the

-10-

indictment," the third degree felony conviction could not stand because the requirements of R.C. 2945.75 were not met, as the jury verdict form did not contain the degree of the offense or a finding of the aggravating factor. *Sessler*, 2007-Ohio-4931, at ¶13.

{¶17} Subsequent to our decision in *Sessler I*, the Supreme Court of Ohio accepted for review our implicit finding that *Pelfrey* was applicable to charging statutes containing separate sub-parts with distinct offense levels, and, in *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180 (*Sessler II*), the Supreme Court affirmed our decision.

{¶18} Other courts have also applied a strict interpretation of *Pelfrey*. See *State v. Wells*, 9th Dist. No. 24460, 2009-Ohio-2673 (stating that the jury verdict form finding the defendant guilty of possession of crack cocaine exceeding "ten one hundred (100) grams" was insufficient for a first degree felony conviction, as it was required to state that it was an amount exceeding one hundred grams, thereby making the finding unclear and insufficient under *Pelfrey* and R.C. 2945.75); *State v. Keith*, 12th Dist. No. 2007-07-161, 2008-Ohio-348 (finding that the jury verdict forms reciting a guilty finding for tampering with records as charged in the indictment were insufficient pursuant to *Pelfrey* and R.C. 2945.75 to enhance the convictions to third degree felonies for tampering with government records, as the verdicts did not contain the degree of the offense or a finding of the

aggravating factor, even though the indictment properly charged the aggravating factor.)

{¶19} In the case at bar, Schwable was charged by indictment with failure to comply with an order or signal of a police officer under R.C. 2921.331(B),(C)(5)(a)(ii). The statute provides, in pertinent part:

**(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.**

**(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.**

**(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.**

**(2) A violation of division (A) of this section is a misdemeanor of the first degree.**

**(3) Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.**

**\* \* \***

**(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:**

**\* \* \***

**(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.**

R.C. 2921.331.

{¶20} The general name of the offense is failure to comply with an order or signal of a police officer, but Schwable was charged under part (B) which contains the additional elements of willfully fleeing or eluding a police officer, and with the aggravating factor under (C)(5)(a)(ii), causing a substantial risk of serious physical harm to persons or property, elevating the offense to a third degree felony. However, part (A) of the jury verdict form contained a guilty finding for failure to comply with an order or signal of a police officer, which is the language contained in section (A) of the statute, and did not state the additional elements of willfully fleeing or eluding contained in section (B) of the statute. Additionally, neither the (A) nor (B) verdict form contained the degree of the offense, or the statute section number. As in *Sessler*, the verdict form failed to state specific elements necessary for a conviction of Section (B) of the statute. Although there was an additional finding in part (B) of the verdict form that Schwable caused a substantial risk of serious physical harm to persons or property, only section (B) of the statute can be elevated to a third degree felony by a substantial risk of harm finding. A conviction under section (A) is exclusively a first degree misdemeanor.

{¶21} Consequently, because the plain language of the verdict form only supports a conviction for a violation of section (A) of the statute, the jury finding

that Schwable created a substantial risk of harm is rendered meaningless, and only a first degree misdemeanor conviction under section (A) of the statute can stand.

{¶22} Although we note that Schwable was charged under section (B) of the statute; that the jury was instructed under section (B) of the statute; and, that the general name of the offense is also the same language used under section (A) of the statute, and the language found in the jury verdict form, we feel compelled to follow a strict application of *Pelfrey* and look only toward the language of the verdict form and not any additional circumstances. See *Pelfrey*, 112 Ohio St.3d 422, at ¶14. Consequently, without a jury verdict form stating the degree of the offense or a proper finding of an aggravating factor, we find the verdict fails to comply with R.C. 2945.75 to support a conviction for a third degree felony under section (B),(C)(5)(a)(ii) of the statute, and we must remand to the trial court for the entry of a conviction for the least degree of the offense, a first degree misdemeanor under section (A) of the statute.

{¶23} Accordingly, we sustain Schwable's first assignment of error.

*Assignment of Error No. II*

{¶24} In his second assignment of error, Schwable argues that insufficient evidence was presented at trial to support his conviction. Specifically, Schwable contends that no evidence was presented at trial demonstrating that the detective was authorized to direct or regulate traffic, or to make arrests for violations of

traffic regulations, as was required for a conviction of failure to comply with an order or signal of a police officer. We disagree.

{¶25} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, ¶47, citing *State v. Jenks* (1981), 61 Ohio St.3d 259, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 1997-Ohio-355. Sufficiency is a test of adequacy, *State v. Henry*, 3d Dist. No. 13-08-10, 2009-Ohio-3535, ¶20, and the question of whether evidence is sufficient to sustain a verdict is one of law. *State v. Robinson* (1955), 162 Ohio St. 486, superseded by state constitutional amendment on other grounds as stated in *Smith*, supra.

{¶26} R.C. 2921.331 sets forth the offense of failure to comply with an order or signal of a police officer, and provides that "police officer," as used in the statute, "has the same meaning as in section 4511.01 of the Revised Code." R.C. 2921.331(F)(2). Under R.C. 4511.01(Z), "police officer" is defined as "every officer authorized to direct or regulate traffic, or to make arrests for violations of traffic regulations." When referring to an officer who is "authorized to direct or regulate traffic," the definition is referring to a certified police officer.

**{¶27}** R.C. 109.77 provides certification requirements for all peace officers. The statute states, in pertinent part:

> **(B)(1) Notwithstanding any general, special, or local law or charter to the contrary, and except as otherwise provided in this section, no person shall receive an original appointment on a permanent basis as any of the following unless the person previously has been awarded a certificate by the executive director of the Ohio peace officer training commission attesting to the person's satisfactory completion of an approved state, county, municipal, or department of natural resources peace officer basic training program:**
>
> **(a) A peace officer of any county, township, municipal corporation, regional transit authority, or metropolitan housing authority;**

R.C. 109.77(B)(1)(a). Furthermore, the definition of "peace officer" includes a "member of the organized police department of a township or municipal corporation." R.C. 109.71(A)(1). Consequently, it follows that, because a municipal police officer is a peace officer, and no peace officer can be hired without being certified by the Ohio Peace Officer Training Commission, all police officers are certified.

**{¶28}** Here, Detective Robertson testified that he was employed as a detective by the Napoleon Police Department. Although there was no evidence presented that he was a certified police officer, or that he was authorized to regulate or direct traffic, no such evidence was needed, as all police officers are certified, and, therefore, authorized to direct or regulate traffic, pursuant to R.C.

109.77. Consequently, we find that sufficient evidence was presented to establish that Detective Robertson was a "police officer" under R.C. 2921.331 and R.C. 4511.01(Z), and, therefore, sufficient evidence existed to support Schwable's conviction for failure to comply with an order or signal of a police officer.

{¶29} Accordingly, we overrule Schwable's second assignment of error.

{¶30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his second assignment of error, but having found error prejudicial to the appellant herein, in the particulars assigned and argued in his first assignment of error, we affirm in part, and reverse in part, the judgment of the trial court, and remand for a modification of Schwable's conviction to a misdemeanor of the first degree and resentencing accordingly.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON, P.J. concurs.**
**SHAW, J., concurs in Judgment Only.**

**/jlr**