[Cite as *State v. Burns*, 2011-Ohio-815.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JESSE NELSON BURNS | : | Case No. 2010CA00279 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. 2010CR0205

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 22, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOHN D. FERRERO                        MATTHEW PETIT
Stark County Prosecutor                116 Cleveland Avenue North
                                       Suite 808
By: RONALD MARK CALDWELL               Canton, OH  44702
Assistant Prosecuting Attorney
110 Central Plaza South
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1}   On March 15, 2010, the Stark County Grand Jury indicted appellant, Jesse Nelson Burns, on one count of possession of drugs (cocaine) in violation of R.C. 2925.11.  Said charge arose from an incident wherein appellant fled from police after a routine traffic stop and cocaine was discovered in a baseball cap appellant had discarded.

{¶2}   On May 11, 2010, appellant filed a motion to suppress, claiming an illegal arrest and seizure.  A hearing was held on May 17, 2010.  By judgment entry filed June 18, 2010, the trial court denied the motion.

{¶3}   A jury trial commenced on August 26, 2010.  The jury found appellant guilty.  By journal entry filed September 3, 2010, the trial court sentenced appellant to eighteen months in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶6}   "THE APPELLANT WAS DEPRIVED OF DUE PROCESS OF (SIC) BY THE MISCONDUCT OF THE PROSECUTOR."

III

{¶7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING THE JURY AS TO CONSTRUCTIVE POSSESSION WHEN SAID INSTRUCTION WAS NOT WARRANTED BY THE EVIDENCE."

I

{¶8} Appellant claims the jury verdict was against the manifest weight of the evidence. We disagree.

{¶9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best

opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶10} Appellant was convicted of drug possession (cocaine) in violation of R.C. 2925.11 which states, "[n]o person shall knowingly obtain, possess, or use a controlled substance." " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶11} Appellant never challenged that he was the driver of the vehicle, who, when stopped, ran from the police and was arrested following a chase. Appellant argues there was insufficient evidence to prove that he possessed cocaine and that the baseball cap found on the ground (wherein the cocaine was hidden in the bill) was his.

{¶12} Both Canton City Police Officers, Craig Riley and Gary Premier, testified as to how they stopped appellant for running a stop sign. T. at 73-75, 113-114. After appellant exited his vehicle, he ran from the officers. Appellant was wearing a baseball cap, a leather jacket, and dark clothing. T. at 77, 115. When appellant was stopped and arrested after a foot pursuit, he was not wearing the baseball cap. T. at 81, 118-119. Officer Riley, who was the primary pursuer, followed appellant as he rounded a corner, lost him for a brief second, and then observed the baseball cap on the ground. T. at 78. The entire chase took twenty seconds. T. at 79. After appellant was arrested, Officer Premier retraced the route and found the baseball cap around the corner from where appellant was eventually stopped. T. at 79, 118-119. The baseball cap was

lying upside down with a baggie protruding from the bill.  T. at 118.  Within the baggie was crack cocaine.  T. at 165.

{¶13}  Defense counsel attempted to impeach or cast doubt on the officers' testimony by bringing up the fact that the officers believed the cocaine measured 3.3 grams when the crime lab measured the content at 1.78 grams.  T. at 95-98, 138-142, 165.  Officer Riley explained the scale used by the police to weigh the baggie was not calibrated.  T. at 96.

{¶14}  Defense counsel also brought into question the location of where the baseball cap was discovered.  Officer Premier testified he found the cap on Rose Street, around the corner from where appellant was stopped and apprehended (Newton Street), while Officer Riley testified he saw the cap on the ground as he rounded the corner while chasing appellant from 8th Street to Newton Street.  T. at 77-78, 118.

{¶15}  The jury chose to resolve the credibility issues in favor of the officers.  It was the undisputed testimony from the officers that appellant was wearing a baseball cap at the beginning of the chase and some twenty seconds later, was no longer wearing it.  The baseball cap (Exhibit 2) was identified by Officer Riley as being the same one appellant had on at the commencement of the chase.  T. at 81.

{¶16}  Both officers testified the neighborhood was deserted during the chase and no one else was out and about the area.  T. at 80, 121-122.

{¶17}  Upon review, we find sufficient evidence, if believed, to support the conviction, and no manifest miscarriage of justice.

{¶18}  Assignment of Error I is denied.

II

{¶19} Appellant claims he was denied due process by the prosecutor's misconduct during closing arguments. We disagree.

{¶20} Appellant argues the prosecutor's rebuttal argument was inappropriate because she misled the jury as to the evidence, and inappropriately argued that defense counsel concealed the facts and distracted the jury.

{¶21} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott* (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. *Darden v. Wainwright* (1986), 477 U.S. 168.

{¶22} We note no objections were made during the course of the rebuttal argument. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long* (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.

{¶23} The claimed errors are as follows:

{¶24} "MS. SCHNELLINGER: ***This is in no way, shape of form the venue to say you guys didn't do your job. This is about whether or not he possessed crack cocaine. Not the goal, not your goal. Your goal is to simply say whether or not he

possessed crack cocaine. He said a lot about what defense attorneys do and I will tell you one thing about what defense attorneys do. It's their job. Smoke and mirrors. Don't focus on the facts, don't focus on the elements, focus on everything else. There is that saying you can't see the forest for the trees. Same thing. I need you to look at the big picture. I need you to look at the facts and the evidence that was presented to you. Try and ignore the smoke and the mirrors because your job is to find the facts, find the truth and find out whether or not this individual possessed crack cocaine. That's it.

{¶25} "***

{¶26} "Let's look at what they were consistent about. The path they were consistent about. That he went around a corner and he lost the hat. Where did Officer Premier find it? Right around the corner. Where did Officer Riley say it was? Right around the corner. They were very consistent. Yep, they had the wrong corner. He wants you to make that a big deal. But what were they consistent about also? This man was wearing this hat. Both of them said that.

{¶27} "And this crack cocaine was in this hat. This hat that was on his head, that they both saw him wearing. They said there wasn't any pieces of clothing out there, there is not any other hats out there. This is the hat that was on his head. They didn't have that wrong.

{¶28} "***

{¶29} "He wants you to see - - look at the trees rather than the forest. I need you to look at the big picture.

{¶30} "***

{¶31} "Why was he running?  Because he had crack cocaine on him and he didn't want the officers to find it on him.  That is why he ran.  That is evidence of his guilt.

{¶32} "And where did the crack come from then?  Just lays around Canton, is that what happens?  I can assure you it does not because crack costs money and money doesn't lay around.  It doesn't happen."  T. at 204-205, 207, 208, and 209, respectively.

{¶33} We have reviewed the rebuttal statements vis-à-vis defense counsel's closing arguments.  Defense counsel stated the police officer "[d]idn't do his job. Weighed the cocaine improperly.  Didn't tell the truth about what's in the report, what it's going to show, said he found the hat here.  Other officer said we found it there.  Didn't have a conversation with him about it.  Did have a conversation with him about it.  All these things may seem little, and I hope to you that it's not some defense lawyers tactic."  T. at 200-201.  Defense counsel invited the jury "to send a message to these police officers to do your job by finding Mr. Burns not guilty and letting them know that they didn't do their job."  T. at 204.  Defense counsel complained about what was not done (DNA testing on the baseball cap, video of the stop).  T. at 203.

{¶34} We find the ultimate issue was whether or not the jury believed the officers' testimony as to appellant wearing a baseball cap and the ditching of the cap. We fail to find that any of the rebuttal argument was unduly prejudicial and not warranted by defense counsel's statements.

{¶35}  Assignment of Error II is denied.

III

{¶36} Appellant claims the trial court erred in giving a jury instruction on constructive possession as the evidence did not suggest that he had constructive possession. We disagree.

{¶37} Appellant did not object to the complained of instruction. Crim.R. 30(A) governs instructions and states the following in pertinent part:

{¶38} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

{¶39} Because appellant failed to object, we must review this issue under the plain error doctrine as set forth supra.

{¶40} The complained of instruction is as follows:

{¶41} "Constructive possession exists when an individual knowingly exercises dominion and control over an object even though that object may not be within his immediate physical possession. For constructive possession to exist it must also be shown that the person was conscious of the presence of the object. Dominion and control as well as whether a person was conscious of the presence of an item of contraband may be established by circumstantial evidence, although a Defendant's mere proximity is in itself insufficient to establish constructive possession." T. at 180-181.

{¶42} The cocaine was discovered in the bill of appellant's baseball cap. The jury could have concluded that appellant did not have actual possession of the cocaine

i.e., in his hand, but had constructive possession of it as it was on his head inside his cap. The jury could have found that appellant knowingly exercised dominion and control over the cocaine even though the cocaine was not within his immediate physical possession, and he was conscious of the presence of the cocaine since it was "hidden" in the bill of the baseball cap.

{¶43} Upon review, we do not find any plain error in the giving of the complained of jury instruction.

{¶44} Assignment of Error III is denied.

{¶45} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


_s/Sheila G. Farmer_____


_s/W. Scott Gwin_____


_s/John W. Wise_____

                        JUDGES


SGF/sg 210

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JESSE NELSON BURNS                      :
                                       :
    Defendant-Appellant               :          CASE NO. 2010CA00279


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


                          _s/Sheila G. Farmer_____


                          _s/W. Scott Gwin_____


                          _s/John W. Wise_____


                                JUDGES