[Cite as *State v. McDonald*, 2012-Ohio-1528.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :        Case No.   11CA1

    vs.                                    :

SCOTTY R. MCDONALD,                        :        <u>DECISION AND JUDGMENT ENTRY</u>

    Defendant-Appellant.                   :

_____

<u>APPEARANCES:</u>

COUNSEL FOR APPELLANT:      James D. Owen and Todd A. Long, 5354 North High
                            Street, Columbus, Ohio 43214

COUNSEL FOR APPELLEE:       J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                            and Brigham M. Anderson, Lawrence County Assistant
                            Prosecuting Attorney, Lawrence County Courthouse, 111
                            South Fourth Street, Ironton, Ohio 45638-1521
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-29-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence.   A jury found Scotty R. McDonald, defendant below and appellant

herein, guilty of failure to comply with the order of a police officer and, in doing so, causing a

substantial risk of harm to persons or property, in violation of R.C. 2921.331(B)&(C)(5)(A)(ii).

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE VERDICT FORM AND THE RESULTING JUDGMENT ENTRY WERE INSUFFICIENT UNDER OHIO REVISED CODE SECTION 2945.75 TO SUPPORT MCDONALD'S CONVICTION AND SENTENCE FOR FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER, AS A FELONY OF THE THIRD DEGREE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY ON RECKLESSNESS, WHICH RESULTED IN A SUBSTANTIAL AND INJURIOUS AFFECT ON MCDONALD'S RIGHTS."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR IN PERMITTING THE STATE TO ELICIT TESTIMONY ABOUT MCDONALD'S POST-ARREST SILENCE IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AND BY ALLOWING THE STATE TO COMMENT ON THE SILENCE IN CLOSING."

FOURTH ASSIGNMENT OF ERROR:

"THE PROSECUTOR COMMITTED PROSECUTORIAL MISCONDUCT WHEN HE APPEALED TO THE JURY TO ACT AS THE COMMUNITY CONSCIENCE IN VIOLATION OF MCDONALD'S RIGHT TO A FAIR TRIAL."

FIFTH ASSIGNMENT OF ERROR:

"MCDONALD WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL BY INEFFECTIVE ASSISTANCE OF COUNSEL."

SIXTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL BECAUSE THE ELEMENTS OF THE OFFENSE HAD NOT BEEN PROVEN."

{¶ 3}    In the early morning hours of September 30, 2010, Coal Grove Police Sergeant Gleo Runyon was pointing a radar gun at traffic on Route 52.   Sgt. Runyon soon clocked a vehicle driving west, toward Ironton, at 112 miles per hour.   Sgt. Runyon thereupon activated his lights and siren and began to pursue the vehicle.

{¶ 4}    Eventually, Sgt. Runyon caught up to the vehicle at the Coal Grove off-ramp, but the vehicle did not stop.   Instead, the driver ran a stop sign, as well as several red lights.   Sgt. Runyon continued pursuit, at approximately 85 miles per hour, into Ironton.   At some point, the vehicle blew a tire and came to a stop.   Sgt. Runyon arrested appellant and transported him to the Ironton Police Department.   A breath test revealed a 0.163 alcohol content.

{¶ 5}    On October 25, 2010, the Lawrence County Grand Jury returned an indictment that charged appellant with the aforementioned offense.   At the jury trial, Sgt. Runyon testified to chasing appellant through Ironton at a speed of 85 miles per hour.   He   told the jury that the chase gave him reason for "alarm" as appellant was approaching an establishment named "Shenanigans," where there "appeared to be five or six people standing out on the sidewalk." Sgt. Runyon stated that he activated another siren on his cruiser to warn those people.

{¶ 6}    At the conclusion of the trial, the jury returned a guilty verdict and the trial court sentenced appellant to serve four years in prison.   This appeal followed.

I

{¶ 7}    In his first assignment of error, appellant asserts that the verdict against him is

deficient.   In particular, he cites R.C. 2945.75[1] and State v. Pelfrey, 112 Ohio St.3d 422, 860

N.E.2d 735, 2007–Ohio–256, wherein the Ohio Supreme Court vacated a conviction on a greater

degree of an offense because the verdict form did not set out the degree of the offense, nor did it

list the aggravating factors that elevated the offense.   Appellant argues that the verdict form in

this case is equally deficient.             Although appellant correctly points out that the verdict

form in the case sub judice does not set forth the degree of the offense, it does state that

appellant's failure to comply with the police officer's order "Caused A Substantial Risk of

Serious Physical Serious Harm to Persons or Property."   Under the statute, the least degree of

the offense for failing to comply with the direction of police is a first degree misdemeanor.   R.C.

2921.331(C)(2)&(3).   However, the offense becomes a third degree felony when, inter alia, a

trier of fact determines that a defendant's actions caused a "substantial risk of serious physical

harm to persons or property."   Id. at (B)(5)(a)(ii).   Here, the jury verdict incorporated the

foregoing language from the statute and, thus, satisfied R.C. 2945.75 and Pelfrey.   Although

technically obiter dicta, we further note that this is the same conclusion our Fifth District

colleagues reached in State v. Garver, Holmes App. No. 10–CA–11, 2011-Ohio-2349, at ¶20.

{¶ 8}   Appellant cites State v. Schwable, 2009-Ohio-6523, Henry App. No. 7-09-03,

2009-Ohio-6523, at ¶¶20-22, wherein the Third District held that a verdict that contained the

"substantial risk" language of R.C. 2921.331(C)(5)(a)(ii) was "meaningless" if the verdict form

did not also set out that the defendant "willfully" fled or eluded police.   We, however, decline to

---

[1]   R.C. 2945.75(A)(2) states "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

follow <u>Schwable</u>.   Admittedly, the "willfully" mens rea, which must be found for a violation of

R.C. 2921.331(B), does not exist for a violation of R.C. 2921.331(A).   Nevertheless, a violation

of subsection (B) of the statute is every bit as much a first degree misdemeanor as is a violation

of subsection (A), but with two exceptions. Id. at (C)(3).   Those exceptions include

circumstances set out in "divisions" (C)(4)&(C)(5) of the statute. Id. at (C)(3).   Thus, the type of

aggravating elements to which the Ohio Supreme Court referred to in <u>Pelfrey</u> would be contained

in those sub-divisions, rather than subsection (B) which includes the "willfully" fleeing or

eluding elements.

{¶ 9}   In short, it is not the element of "willfully" fleeing or eluding that elevates the

crime from a first degree misdemeanor to a third degree felony but, rather, the fact that the

defendant is causing a substantial risk of physical harm to person/property.   Because that

language from the statute was included in the jury verdict, we conclude that verdict complied

with R.C. 2945.75 and <u>Pelfrey</u>.[2]

{¶ 10} Accordingly, we hereby overrule appellant's first assignment of error.

II

{¶ 11} Appellant's second assignment of error involves the jury instructions.   In

particular, appellant cites the trial court's definition for a reckless mental state when, as noted

above, willfulness is the mens rea required for commission of this particular offense.   Appellant

concedes, however, that no objection was lodged to the instruction, but asserts that we should

find plain error.

---

[2] We concede that this case conflicts with <u>Schwable</u>.     Thus, we will entertain a motion to certify a conflict for final resolution.

{¶ 12} Generally, notice of plain error under Crim.R. 52(B) must be taken with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Gardner, 118 Ohio St.3d 420, 889 N.E.2d 995, 2008-Ohio-2787, at ¶78; also see State v. Puckett, 191 Ohio App.3d 747, 947 N.E.2d 730, 2010-Ohio-6597 at ¶14; State v. Patterson, Washington App. No. 05CA16, 2006-Ohio-1902, at ¶14.   Furthermore, "[a] silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." State v. Rizer, Meigs App. No. 10CA3, 2011-Ohio-5702, at ¶26; State v. Davis, Highland App. No. 06CA21, 2007–Ohio–3944, at ¶22.

{¶ 13} Although it is unclear why a definition for recklessness was included in the jury instructions, we conclude that it did not affect a substantial right or inflict a miscarriage of justice.   The trial court gave the definition for recklessness, but did not instruct the jury that it should apply that definition and determine whether appellant behaved recklessly.   The court did, in fact, correctly define "willfully" for the jury and, as the following portion of the transcript reveals, instructed the jury to apply that particular mens rea in reaching its verdict:

> "The defendant is charged in Count One with failing to comply with an order or signal of a police officer.   Before you can find the defendant guilty, you must find beyond a reasonable doubt that Scotty R. McDonald . . . did operate a motor vehicle so to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop and the operation of said motor vehicle caused a substantial risk of serious physical harm to persons or property." (Emphasis added.)

{¶ 14} In sum, although the trial court did define recklessness for the trier of fact, the court actually instructed the jury to determine if appellant had acted willfully.   The court did not ask the jury to determine if appellant behaved recklessly.   Thus, any negative impact from the

extraneous definition in the instructions is speculative at best and, thus, does not warrant a

finding of plain error.

{¶ 15} Accordingly we hereby overrule appellant's second assignment of error.

III

{¶ 16} Appellant's third assignment of error involves Officer Runyon's testimony, as well

as comments from the assistant prosecutor during closing argument, that appellant claims

violated his Fifth Amendment rights.   The first such instance involves the colloquy between Sgt.

Runyon and the prosecution:

"Q. * * * Did you arrest him right away?

A.   Yes I did.

Q.   Okay, did you notice anything else about him when you arrested him?

A.   Yes, I did.   I smelt the odor of what seemed to be an alcoholic beverage
coming off his person and asked him if he had been drinking which he just kind of
shrugged his shoulders and mumbled, <u>didn't want to comply or answer any
questions for me</u>." (Emphasis added.)

{¶ 17} Appellant argues that this answer constitutes an impermissible comment on

appellant's exercise of the constitutional right to remain silent and this constitutes plain error.

The prosecution counters that it is unclear when appellant was arrested and whether Sgt. Runyon

actually referred to appellant's post-arrest silence.

{¶ 18} We believe that the transcript reveals that appellant was arrested "right away"

after he exited his vehicle.   Nevertheless, the precise timing of appellant's arrest is largely

irrelevant as the Ohio Supreme Court has held that evidence of pre-arrest silence is generally

inadmissible.   See State v. Leach, 102 Ohio St.3d 135, 807 N.E.2d 335, 2004-Ohio-2147, at the syllabus.   Furthermore, it appears that the comment suggests appellant's   guilt.   That said, we are not persuaded that this constitutes error, let alone plain error.   The gist of Leach is that such testimony cannot be introduced as "substantive evidence" of guilt of the crime for which a defendant is being tried.   Here, the trial involved an alleged violation of R.C. 2921.331, not R.C. 4511.19.   Intoxication or alcohol consumption is not an element of the offense and, thus, Sgt. Runyon's testimony did not supply any substantive evidence of guilt.   We also believe it speculative that the testimony caused appellant prejudice.

{¶ 19}  We also find no merit to appellant's arguments concerning alleged improper comments made during the prosecution's closing argument. During cross-examination, Sgt. Runyon was asked how he could be sure that appellant saw his "signal" to stop.   When he was asked if he was one hundred percent sure appellant had seen the signal, Sgt. Runyon demurred.  During closing argument, the prosecution alluded to this testimony with the following comment:

"Now you heard [defense counsel] ask Officer Runyon, were you a hundred percent sure that [appellant] saw and heard your siren?   The Officers said well, I'm not a hundred percent sure, I can't tell for sure, he never said that he did it, that he heard it." (Emphasis added.)

{¶ 20}  To begin, we are unsure whether this is a comment on appellant's silence or a mischaracterization of the testimony altogether.   Although we located that portion of the cross-examination when Sgt. Runyon admitted to not being one hundred percent sure that appellant heard the siren, we cannot find any testimony where Runyon said appellant never said that he heard it. Indeed, the actual testimony of Sgt. Runyon is that he simply "assume[d] appellant heard the signal." We also believe that common sense does appear to support Runyon's view of the matters.

{¶ 21}  Moreover, appellant has not persuaded us that any of this caused appellant prejudice.

Sgt. Runyon's admission on cross was actually damaging to the prosecution's case. If appellant did not

hear or see any signal to stop, then he could not be said to have willfully evaded police. Thus, we are

not persuaded that plain error under Crim.R. 52(B) is present in the case sub judice.

{¶ 22} For these reasons, we hereby overrule appellant's third assignment of error.

IV

{¶ 23} In his fourth assignment of error, appellant argues that a prosecution comment in

its closing argument constitutes prosecutorial misconduct. Once again because appellant did not

object to the comment he has waived all but plain error.

{¶ 24} The standard generally applied to evaluate a prosecutorial misconduct claim is

whether the remarks were improper, and, if so, whether they prejudicially affected the accused's

substantial rights. State v. Lang, 129 Ohio St.3d 512, 954 N.E.2d 596, 2011-Ohio-4215, at ¶155;

State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. The touchstone of analysis is the

fairness of the trial, not culpability of the prosecutor. Lang, supra at ¶155; State v. Trimble, 122

Ohio St.3d 297, 911 N.E.2d 242, 2009-Ohio-2961, at ¶200.

{¶ 25} In the case sub judice, the alleged improper remark is as follows:

> "And we ask when you retire to that Jury Room that you take that jury form and
> you tell the defendant that you can't do this in our county. You can't drive in
> excess of eighty miles per hour and run through stop signs and run through red
> lights in order to get away from a police officer because you're drunk."

Appellant argues that this is the sort of "send a message" argument that this Court has previously

looked askance. See e.g. State v. Smith, Highland No. 09CA29, 2010-Ohio-4507, at ¶68; State v.

Turner, Scioto App. No. 08CA3234, 2009-Ohio-3114, at ¶47. As we noted in Smith, these sorts

of arguments "typically rely on community outrage and invite the jury to render a verdict based

on the outrage rather than the facts of the case." 2010-Ohio-4507, at ¶68.   Here, however, the

uncontroverted evidence reveals that appellant did drive in excess of eighty miles per hour and

did ignore numerous stop signs and red lights.   In other words, the prosecutions's argument was

tailored to the facts adduced at trial rather than community passions.

{¶ 26} Further, claims of prosecutorial misconduct must also be examined in the context

of the entire trial.   State v. Burns, Stark App. No. 2010CA279, 2011-Ohio-815, at ¶21; State v.

Dyer, Scioto App. No. 07CA3163, 2008-Ohio-2711, at ¶34.

{¶ 27} Thus, in the case sub judice, appellant has not persuaded us that the prosecution's

remarks were impermissible, let alone reach the level of plain error.

{¶ 28} For all these reasons, we hereby overrule appellant's   fourth assignment of error.

V

{¶ 29} Appellant's fifth assignment of error asserts that his conviction must be reversed

because he received constitutionally ineffective assistance from trial counsel.

{¶ 30} Our analysis begins with the settled premise that a criminal defendant has a

constitutional right to counsel, and this right includes the right to effective assistance from

counsel. McMann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763, 90 S.Ct. 1441,; also

see State v. Pierce, Meigs App. No. 10CA10, 2011-Ohio-5353, at ¶18.   To establish a claim of

ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was

deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair

trial. See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct.

2052; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009–Ohio–6179, at ¶200.

However, both prongs of the Strickland test need not be analyzed if a claim can be resolved

under one.   State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52; State v. Saultz,

Ross App. No. 09CA3133, 2011–Ohio–2018, at ¶19. In other words, if it can be shown that an

error, assuming arguendo that such error does exist, did not prejudice a defendant, an ineffective

assistance claim can be resolved on that basis alone.   Pierce, supra at ¶18.   To establish

existence of prejudice, a defendant must demonstrate that a reasonable probability exists that, but

for counsel's alleged error, the result of the trial would have been different. See State v. White

(1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538

N.E.2d 373, at paragraph three of the syllabus.

{¶ 31}  Appellant offers two arguments to support his claim that trial counsel's

representation was constitutionally ineffective.   First, he argues that counsel should have

objected to a number of the issues that we previously reviewed under the plain error standard.

As we noted in our review of those issues, however, appellant has not persuaded us that any error

in fact occurred, let alone plain error.   Appellant also claims that counsel should have objected

when the prosecution argued that appellant should have heard the signal to stop.   He does not,

however, explain why that argument was objectionable and its impropriety is not obvious to this

Court.

{¶ 32}  Appellant's other argument is that trial counsel did not present any evidence in

appellant's defense.   Appellant, however, offers nothing to prove the existence of any relevant

evidence to offer in his defense.   Prejudice, for purposes of the second prong of the Strickland

test, must be affirmatively shown and will not be presumed.   See e.g. Saultz; State v. Clark, Pike

App. No. 02CA684, 2003–Ohio–1707, at ¶ 22; State v. Tucker (Apr. 2, 2002), Ross App. No. 01

CA2592.   Here, appellant must make some showing that relevant and probative evidence

actually did exist and could have been offered in his defense.

{¶ 33} For these reasons, we are not persuaded trial counsel erred in his representation, nor are we persuaded that any such error,   even if it arguably existed, prejudiced the defense.

{¶ 34} Accordingly, for these reasons, we hereby overrule appellant's fifth assignment of error.

VI

{¶ 35} Appellant asserts in his sixth assignment of error that the trial court erred by denying a Crim.R. 29(A) motion for judgment of acquittal he made at the end of the prosecution's case in chief.

{¶ 36} Generally, the standard used to review a Crim.R. 29(A) argument is the same that would apply to arguments that challenge the sufficiency of evidence.   State v. Jackson, 188 Ohio App.3d 803, 937 N.E.2d 120, 2010-Ohio- 1846, at ¶5; also see e.g. State v. Brooker, 170 Ohio App.3d 570, 868 N.E.2d 683, 2007-Ohio-588, at ¶¶8-9. In reviewing for the sufficiency of evidence, our inquiry must focus upon adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.   State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.   Thus, we must determine whether, after viewing the evidence and all of the inferences reasonably drawn therefrom, in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt.   Jenks, 61 Ohio St.3d at 273; also see Jackson v. Virginia (1979), 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560.   In the case sub judice, we conclude that sufficient evidence was adduced at trial to support appellant's conviction.

{¶ 37} Appellant argues that only two witnesses exist who witnessed the course of events - himself and Sgt. Runyon.   Because appellant pled not guilty to the charges in this case, appellant maintains that he essentially denied the charge against him.   To the extent this argument is characterizing the case as being one of conflicting accounts as to what happened, we note that in determining whether the trial court erred in denying the Crim.R.29 motion, we must assume that the witness testified truthfully.   See State v. Samuel, Franklin App. No. 11AP-158, 2011-Ohio-6821.

{¶ 38} Appellant also cites Sgt. Runyon's testimony that he could not be one hundred percent certain that appellant heard the signals to stop his vehicle and cites that as proof that he should not have been convicted.   However, Sgt. Runyon testified he activated his lights and siren during the entire pursuit.   The pursuit also occurred "in the middle of the night" which again, common sense would tell us that it would be exceedingly difficult for appellant not to have seen the lights behind him.   This is particularly true in view of the fact that Sgt. Runyon testified that he caught up with appellant at the Coal Grove "on-ramp" on Route 52.   In any case, we believe that sufficient evidence did exist to give the case to the jury and that the trial court did not err when it overruled appellant's Crim.R. 29 motion for judgment of acquittal.   Accordingly, we hereby overrule appellant's sixth assignment of error.

{¶ 39} Having considered all of the errors assigned and argued we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.